**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANJANI SINHA MEDICAL, P.C., <br><br> *Plaintiff*, <br><br> vs. <br><br> EMPIRE HEALTHCHOICE ASSURANCE, INC., d/b/a EMPIRE BLUE CROSS BLUE SHIELD <br><br> *Defendant*. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Without waiving any defenses, Defendant Empire HealthChoice Assurance, Inc. ("Defendant") hereby removes this civil action, pending in the Supreme Court of the State of New York, County of Queens, Index No. 723983/2020 (the "State Court Action"), to the United States District Court of the Eastern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 133, on the following grounds:

1. Plaintiff Anjani Sinha Medical, P.C. ("Plaintiff") commenced the State Court Action against Defendant by filing a complaint in the Supreme Court of the State of New York, County of Queens on or about December 10, 2020 (the "Complaint").

2. Defendant was served with the Summons and Complaint on December 10, 2020.

3. Defendant is timely filing this Notice of Removal within thirty (30) days of the receipt of the Summons, in accordance with 28 U.S.C. § 1446(b).

4. Federal question jurisdiction exists in this matter pursuant to 28 U.S.C. § 1331, which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff seeks to recover benefits due under the terms of its patient's health benefits plan – the plan is governed by the

Employee Retirement Income Security Act, title 29 of the United States Code ("ERISA"). This Court has original subject matter jurisdiction over the entire action under 28 U.S.C. § 1441(b) and (c), which provide for removal of any civil action founded on a claim or right arising under the laws of the United States, and allow removal of an entire case even when removable claims are joined with non-removable claims.

5. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the Civil Court Action is pending.

6. Removal of this case to the United States District Court for the Eastern District of New York does not constitute a waiver by Defendant of its rights to seek dismissal of this lawsuit.

7. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders are annexed hereto. (*See* **Exhibit A**).

8. Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residence of the parties.

9. As required by 28 U.S.C. § 1446(d), Defendant will provide written notice of this Notice of Removal to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Queens. (See **Exhibit B**).

**THIS CASE IS REMOVABLE BECAUSE IT ASSERTS CLAIMS SUBJECT TO PREEMPTION UNDER ERISA**

10. Because the Complaint seeks to recover benefits under one or more plans subject to ERISA, the doctrine of complete preemption under ERISA confers federal-question jurisdiction under 28 U.S.C. § 1331. *See* 29 U.S.C. § 1132(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) ("[W]hen the federal statute completely preempts the state-law cause of action, a claim

which comes within the scope of that same cause of action, even if pleaded in terms of state law, is in reality based on federal law: ERISA is one of these statutes." (internal quotations and citations omitted)); *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) ("ERISA creates a comprehensive civil enforcement scheme that completely preempts any state-law cause of action that duplicates, supplements, or supplants an ERISA remedy." (internal quotations omitted)); *NYU Hosps. Ctr.-Tisch v. Local 348 Health & Welfare Fund*, No. 04-6937, 2005 WL 53261, at *2 (S.D.N.Y. Jan. 6, 2005) ("[T]he ERISA civil enforcement mechanism is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." (internal quotations omitted)). Thus, the Complaint is properly removed to this Court on the basis of ERISA preemption.

11. ERISA creates a cause of action for claims by a participant or a beneficiary to recover, *inter alia*, benefits due under an ERISA plan. *See* 29 U.S.C. § 1132(a)(1)(B). Although section 1132(a)(1)(B) grants only plan beneficiaries or participants standing to bring a civil action to recover plan benefits, the Second Circuit has recognized a narrow exception to ERISA that grants health care providers standing provided that a beneficiary has validly assigned to the provider his or her claim in exchange for healthcare services. *See Neuroaxis Neurosurgical Assocs., P.C. v. Cigna Healthcare of N.Y., Inc.*, No. 11-cv-8517, 2012 U.S. Dist. LEXIS 144921, at *7 (S.D.N.Y. Sept. 24, 2012); *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321 (2d Cir. 2011).

12. A cause of action filed in state court which is preempted by ERISA and comes within the scope of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), is removable to federal court

under 28 U.S.C. § 1441(b) as an action arising under federal law. *See Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).

13. Plaintiff's alleged claims – at their core – challenge Defendant's administration of benefits under its patient's ERISA-governed health benefits plan and, as such, are undeniably based upon the terms of the pertinent plan. For example:

    a. Paragraph 6 of the Complaint: "Defendant Empire HealthChoice Assurance, insured [Patient] under a contract of insurance…"

    b. Paragraph 7 of the Complaint: "Pursuant to said insurance coverage Defendant is obligated to pay usual and customary health care costs incurred by [Patient]…"

    c. Paragraph 12 of the Complaint: "[Patient], authorized … Empire HealthChoice Assurance, Inc. to issue payment for medical services rendered directly to Plaintiff, Anjani Sinha Medical, P.C.…"

**A. <u>Each of Plaintiff's Claims Seek Payment of Additional Benefits</u>**

14. Plaintiff alleges that the Second Cause of Action in the Complaint is for breach of implied contract, however, such state law claims for payment of additional benefits (and challenges to the administration of benefits) are preempted by ERISA. *See Pibouin v. CA, Inc.*, 867 F. Supp. 2d 315, 327 (E.D.N.Y. 2012) ("A claim brought under state law that merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted." (internal quotations omitted)).

15. Plaintiff alleges that the First and Third Cause of Action in the Complaint is for equitable and promissory estoppel, however, such state law claims for payment of additional benefits (and challenges to the administration of benefits) are preempted by ERISA, absent "extraordinary circumstances." *See Walker v. Prudential Ins. Co. of Am.*, No. 19 CIV. 7286

(AKH), 2020 WL 978515, at *3 (S.D.N.Y. Feb. 28, 2020) (internal citation omitted) (dismissing claim for equitable estoppel as preempted by ERISA, because "promissory or equitable estoppel is available on ERISA claims only in extraordinary circumstances") ; *see also Estate of Kenyon v. L + M Healthcare Health Reimbursement Account,* 404 F. Supp. 3d 627, 636 (D. Conn. 2019) (dismissing claim for promissory estoppel as preempted by ERISA, holding "courts in this Circuit have repeatedly held that where an ERISA beneficiary—or a medical provider assigned a beneficiary's rights under ERISA—invokes state common law to challenge the denial of a claim for benefits, § 514 preempts the claim.").

16. Plaintiff alleges in the Fourth Cause of Action that Defendant is liable under New York State Insurance Laws, however, such state law claims for payment of additional benefits (and challenges to the administration of benefits) are preempted by ERISA – in fact, state insurance laws that create new rights or remedies that are not explicitly included within ERISA are preempted by ERISA's detailed civil enforcement provisions. *See e.g., Toussaint v. JJ Weiser & Co.,* No. 04-cv-2592 (MBM), 2005 U.S. Dist. LEXIS 2133, at *46 n.4 (S.D.N.Y. Feb. 9, 2005) (stating that Plaintiff's claim under N.Y. Ins. L. 2120 would constitute "separate vehicle" for obtaining relief beyond what is authorized under ERISA's civil enforcement provisions); *Long Island Neuroscience Specialists v. Fringe Benefit Funds Local 14-14b Int'l Union of Operating Engineers*, No. 17-3341 (JMA) (ARL), 2018 WL 3912283, at *5 (E.D.N.Y. July 31, 2018), report and recommendation adopted sub nom. *Long Island Neuroscience Specialists v. Fringe Beenfit Funds Local 14-14B Int'l Union of Operating Engineers*, No. 17CV3341JMAARL, 2018 WL 3898168 (E.D.N.Y. Aug. 15, 2018) (collecting cases) ("Several courts in the Second Circuit have ruled that a 'plaintiff's attempt to circumvent ERISA by stating a claim for recovery under New York's Prompt Payment Law are preempted by ERISA."); *see also Shackelton v. Conn. Gen. Life*

5

*Ins. Co.*, 817 F. Supp. 277, 283 (N.D.N.Y. 1993) ("Numerous courts have reviewed causes of action…brought pursuant to state insurance law to collect unpaid benefits, and each has concluded – notwithstanding the insurance savings clause – that the causes of action are preempted by ERISA.").

17. By reason of the foregoing, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. 1331 and 29 U.S.C. 1132(3). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to this Court pursuant to 28 U.S.C. 1441(a) and (b).

18. To the extent that any claim or plan at issue in this action is not governed by ERISA, this Court has supplemental jurisdiction over any otherwise non-removable claims or causes of action and may determine all issues therein.

WHEREFORE, Defendant prays this Court will remove this action from the Supreme Court of the State of New York, County of Queens, and requests that further proceedings be conducted in this Court as provided by law.

Dated: New York, New York
January 11, 2021

Respectfully submitted,

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Valerie Sirota*
Valerie Sirota
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6008
Valerie.sirota@troutman.com