# EXHIBIT C

Case 1:21-cv-00138-RPK-TAM Document 16-3 Filed 05/28/21 Page 2 of 3 PageID #: 383

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. ARTHUR F. ENGORON** | **PART**     **IAS MOTION 37EFM** |
| | *Justice* | |

-----------------------------------------------------------------------------X

SURGICORE OF JERSEY CITY,

                          Plaintiff,

                   - v -

EMPIRE HEALTHCHOICE ASSURANCE, INC.,

                          Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652223/2020 |
| **MOTION DATE** | 09/09/2020 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14

were read on this motion to                 DISMISS                  .

Upon the foregoing documents, it is hereby ordered that defendant's motion to dismiss plaintiff's complaint in its entirety is granted.

This case is strange. Plaintiff, Surgicore of Jersey City (by New York standards, at least, a strange name, as it does not appear, in the caption, to end in some sort of corporate, partnership, or other entity designation), alleges, simply put, that defendant, Empire Healthchoice Assurance, Inc., provided health insurance to non-party Sanae Abdallah; that the subject insurance policy prohibited Abdallah from assigning her benefits; that plaintiff is not in defendant's network of providers; that plaintiff requested that defendant agree to pay plaintiff "all or some of the costs" of providing certain health care to Abdallah; that defendant agreed to this; that on July 20, 2018 plaintiff provided the services to Abdallah; that plaintiff has requested defendant to pay; and that defendant has refused.

Plaintiff's complaint alleges causes of action for (1) "equitable estoppel"; (2) "breach of implied contract"; (3) "promissory estoppel"; (5) "aiding and abetting a breach of a fiduciary duty"; and (6) violation of New York's Prompt Payment Law (the attentive reader will note that the complaint simply does not contain a "fourth" cause of action).

As the anti-assignment clause within the subject policy precludes plaintiff from obtaining from Abdallah any rights to payment from defendant, legally and logically all of plaintiff's causes of action depend upon whether defendant directly agreed with plaintiff to pay plaintiff, an "out-of-network" provider, for the services. The closest plaintiff comes to pleading this is in Paragraph 10 of the complaint, which states that defendant "promised to pay [plaintiff] 80 percent of the maximum allowed rate … for the services [plaintiff] intended to render to [Abdallah]." This is a rather bare-bones way to plead the formation of a significant contract or other obligation; there is a "what," but no "who (exactly)" or "when" or "how," although the details could be fleshed out in discovery.

**652223/2020  SURGICORE OF JERSEY CITY vs. EMPIRE HEALTHCHOICE**                      **Page 1 of 2**
**Motion No.  001**

Interestingly and significantly, another judge, Hon. Eric Komitee, of the Eastern District of New York, in a 22-page "Memorandum & Order," a copy of which (along with a transmittal letter) defendant e-filed, on April 5, 2021, as NYSCEF Document No. 14, dismissed a case similar to the instant one on the ground of what New York courts would call "failure to state a cause of action" (CPLR 3211(a)(7)). The complaints in that case and ours are not identical but contain similar facts, almost identical causes of action, and use some of the same language verbatim.

Even more interestingly, in the four days since that e-filing, notice of which plaintiff presumably had actual, and definitely had constructive, notice, plaintiff has failed to respond in any way, such as arguing that Judge Komitee erred, or that the cases are distinguishable, or even that plaintiff needs more time to compose a response. In that case, Judge Komittee noted that he offered to allow plaintiff to amend its pleading, but that plaintiff refused (or at least failed to amend). For all that appears, plaintiff is essentially abandoning its argument that it is legally entitled to payment in that situation and, similarly, in ours, presumably because the alleged promise to pay is so amorphous. In common experience, health insurance obligations are usually written in long, exacting language, and, understandably, a payee has to jump through various hoops to get a payor to pay.

Finally, plaintiff does not claim that the services were provided on an emergency basis, which would drastically change the legal landscape here. (This Court notes in passing that plaintiff would not have standing to sue for an alleged breach of a fiduciary duty that defendant allegedly owed to Abdallah).

Thus, the instant motion to dismiss is hereby granted, and the Clerk is hereby directed to enter judgment dismissing the instant complaint, pursuant to CPLR 3211(a)(7), for failing to state a cause of action.

20210409131807AENGORON46AD6912C15E4F85B7FB10183604BCEB

| 4/9/2021 | | | | | ARTHUR F. ENGORON, J.S.C. | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |
| **CHECK ONE:** | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | ☐ | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

652223/2020  SURGICORE OF JERSEY CITY vs. EMPIRE HEALTHCHOICE
Motion No. 001

Page 2 of 2

2 of 2