UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
ANJANI SINHA MEDICAL P.C.,

           Plaintiff,

    -against-

EMPIRE HEALTHCHOICE ASSURANCE,      MEMORANDUM AND ORDER
INC., *d/b/a Empire Blue Cross Blue Shield*,      21-CV-138 (RPK) (TAM)

           Defendant.
-----------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    To recoup medical fees, plaintiff Anjani Sinha Medical P.C. ("Sinha") sued defendant Empire HealthChoice Assurance ("Empire"). Empire removed and now moves to dismiss. Sinha moves to remand. For the reasons that follow, remand is denied, and the complaint is dismissed.

## BACKGROUND

    The following facts come from the complaint and the insurance policy "integral" to it. *Mears v. Allstate Indem. Co.*, 336 F. Supp. 3d 141, 147 (E.D.N.Y. 2018). The allegations in the complaint are accepted as true on a motion to dismiss.

    On April 23, 2019, John Baez suffered a serious motorcycle accident. Am. Compl. ¶ 6 (Dkt. #9). In return for the assignment of Mr. Baez's right to payment under his health plan, Sinha performed two knee surgeries on Mr. Baez. *Id*. ¶¶ 8-9, 48-49.

    Before performing the surgeries, Sinha contacted Empire to discuss coverage. *Id*. ¶¶ 21-22. Empire confirmed that the surgeries did not require pre-certification, authorization, or pre-determination, and it provided Sinha with an address for submitting claims. *Id*. ¶ 23. Sinha performed the surgeries, calculated the costs at a substantially higher rate than it charges to no-fault insurers, and submitted two claims to Empire. *Id*. ¶¶ 8-9, 13-27. Empire denied the claims,

1

and Sinha appealed. *Id*. ¶¶ 29, 32, 38. Empire eventually agreed to partially reimburse the costs of one surgery but not the other. *Id*. ¶¶ 33, 36-37, 39. Though Sinha valued the surgeries at $79,252.34, Empire paid only $1,312.64. *Id.* ¶¶ 37, 40.

Sinha sued. Notice of Removal ¶ 1 (Dkt. #1). Since Mr. Baez's plan is covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, Empire asserted federal-question jurisdiction and removed. Notice of Removal ¶ 4. After removal, Sinha filed the operative amended complaint. *See* Am. Compl. In this complaint, Sinha brings one claim against Empire as Mr. Baez's assignee, *id.* ¶ 49, for (i) a failure to pay plan benefits under ERISA, *id*. ¶¶ 41-65, and four more claims in its own right*, id*. ¶¶ 67-68, for (ii) breach of contract, (iii) promissory estoppel, (iv) unjust enrichment, and (v) a violation of New York's "Prompt Pay Law," New York Insurance Law § 3224-a, *id*. ¶¶ 66-92.

Attaching a copy of the plan to its motion papers, Empire now moves to dismiss. Notice of Mot. to Dismiss (Dkt. #13); Local 580 Insurance Fund Plan Document/Summary Plan Description, Decl. of Frances A. Schultz Ex. A (Dkt. #15-1) ("Plan"). Sinha moves to remand. Mot. to Remand (Dkt. #20).

**STANDARD OF REVIEW**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means, for example, that a complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. A complaint is also

properly dismissed "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

On a motion to remand for lack of subject-matter jurisdiction, the "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). While a reviewing court must construe removal provisions strictly, *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021), it applies the same "liberal rules to removal allegations that are applied to other matters of pleading," *Agyin v. Razmzan*, 986 F.3d 168, 180 (2d Cir. 2021) (brackets and quotations omitted). The court may also consider materials outside the pleadings, including "documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis," since remand places subject-matter jurisdiction at stake. *Romano v. Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010) (collecting cases).

## DISCUSSION

The motion to remand is denied, and the complaint is dismissed.

### I. Federal-Question Jurisdiction Precludes Remand

Sinha's motion to remand this case to state court is denied. Federal-question jurisdiction permits federal courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Bracey v. Bd. of Educ.*, 368 F.3d 108, 113 (2d Cir. 2004). "A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (brackets and quotations omitted). The well-pleaded complaint rule typically requires that a complaint assert a federal claim "on [its] face" to be removable. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But a

3

defendant may also remove a complaint containing only state-law claims if those claims are completely pre-empted by ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-14 (2004).

Plaintiff's motion to remand is denied, because plaintiff's amended complaint raises a federal question. Specifically, because that complaint includes an ERISA claim, *see* Am. Compl. ¶¶41-65, the amended complaint asserts a federal claim "on [its] face," *Caterpillar Inc.*, 482 U.S. at 392. As a result, federal jurisdiction exists regardless of whether this Court had jurisdiction over plaintiff's original complaint, which raised only state-law claims, under the principles set out in *Davila*. So long as a jurisdictional defect is cured before it has been challenged, "considerations of finality, efficiency, and economy" permit a court to retain jurisdiction. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 75 (1996); *see In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, 510 F. Supp. 2d 299, 314 (S.D.N.Y. 2007) (compiling decisions holding that "an amended complaint, filed after an improper removal, that adds a claim arising under federal law is sufficient to confer subject matter jurisdiction on the district court"). Sinha did not move to remand prior to voluntarily filing the amended complaint, *compare* Am. Compl. (filed April 5, 2021) *with* Mot. to Remand (Dkt. #20) (filed June 2, 2021), and the amended complaint clearly establishes federal jurisdiction.

Sinha's contention that its sole federal claim *might* fail is not enough for remand. *See* Pl.'s Mem. in Supp. of Remand 3-4, 7 (Dkt. #20-2). "[T]he failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682 (1946). While Sinha may well plead in the alternative federal and state-law claims, *Adler v. Pataki*, 185 F.3d 35, 41 (2d Cir. 1999), whether Sinha has stated a valid federal claim "is a question of law" that "must be decided after and not before the court has assumed jurisdiction over the controversy." *Bell*, 327 U.S. at 682. Even if dismissal is appropriate after disposing of

4

the federal claim, *see* 28 U.S.C. § 1367(c)(3), the court still "must entertain the suit" at the outset, *id*. at 681-82.

Therefore, the motion to remand is denied.

## II. The Motion to Dismiss Is Granted

Empire's motion to dismiss is granted. The ERISA claim is dismissed as inadequately pleaded. Moreover, though ERISA does not pre-empt the breach-of-contract and promissory-estoppel claims, these claims are dismissed for failure to state a claim. Finally, the unjust enrichment and Prompt-Pay-Law claims are dismissed as pre-empted by ERISA.

### A. The ERISA claim is dismissed for failure to state a claim.

Sinha's challenge to Empire's claims determinations under Section 502(a)(1)(B) of ERISA, codified as amended at 29 U.S.C. § 1132(a)(1)(B), is dismissed because Sinha does not allege facts supporting its entitlement to the relief it requests. ERISA provides a private cause of action to recover benefits improperly denied under an ERISA plan. *Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir. 2009) (discussing Section 502(a)(1)(B) of ERISA). To state a claim under Section 502(a)(1)(B), a plaintiff must plausibly allege that "(1) the plan is covered by ERISA, (2) [the] plaintiff is a participant or beneficiary of the plan, and (3) [the] plaintiff was wrongfully denied [benefits] owed under the plan." *Ibid*. (quotations omitted).

Sinha's ERISA claim is dismissed because Sinha does "not identify anything in the plan[] . . . that entitle[s] [Sinha] to [the] particular benefit [that Sinha] s[eeks] to enforce." *Guerrero v. FJC Sec. Servs. Inc*., 423 F. App'x 14, 16-17 (2d Cir. 2011) (summary order). "A claim under § 502(a)(1)(B), in essence, is the assertion of a contractual right." *Feifer v. Prudential Ins. Co. of Am*., 306 F.3d 1202, 1210 (2d Cir. 2002) (quotations omitted). Therefore, a plaintiff must refer to the plan itself to establish its right to relief under Section 502(a)(1)(B). *Pro. Orthopaedic Assocs., PA v. 1199 Nat'l Ben. Fund*, No. 16-CV-4838 (KBF), 2016 WL 6900686, at

5

*6 (S.D.N.Y. Nov. 22, 2016), *aff'd sub nom. Pro. Orthopaedic, PA v. 1199 SEIU Nat'l Ben. Fund*, 697 F. App'x 39 (2d Cir. 2017). Sinha does not do so. The amended complaint describes the medical services Sinha provided, Am. Compl. ¶¶ 8-9, 14, 17, and asserts that Empire "is obligated to pay [the] usual and customary health care costs incurred" by Mr. Baez for his injury, *id*. ¶ 60. However, "the complaint does contain any specific allegations that the [p]lan requires payments to be . . . in accordance with any usual [and] customary . . . [costs].'" *Pro. Orthopaedic Assocs., PA*, 2016 WL 6900686, at *6 (quotations omitted). In fact, the complaint does not reference any plan provisions at all. *Id*. ¶ 46. Since Sinha has "fail[ed] 'to identify any provision in the plan documents requiring [Empire] to pay such rates,'" *Long Island Neurological Assocs., P.C. v. Empire Blue Cross Blue Shield*, No. 18-CV-3963 (JMA) (AYS), 2020 WL 1452521, at *5 (E.D.N.Y. Mar. 2, 2020) (quoting *Pro. Orthopaedic, PA*, 697 F. App'x at 41), *report and recommendation adopted*, 2020 WL 1452465 (E.D.N.Y. Mar. 25, 2020), it has not adequately pleaded its right to relief "under the terms of [the] plan," 29 U.S.C. § 1132(a)(1)(B).

Sinha has not identified any contrary authority within this circuit. *See* Pl.'s Mem. in Opp'n 8-9 (Dkt. #21-3). In one of the two in-circuit cases on which Sinha relies, the plaintiff *did* cite plan provisions. *See Long Island Neurological Assocs.*, 2020 WL 1452521, at *5. In the other, the district court denied a motion to dismiss brought on different grounds, and it is not apparent whether the complaint had identified the plan terms on which it rested. *Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, No. 13-CV-6551 (TPG), 2014 WL 4058321, at *4 (S.D.N.Y. Aug. 15, 2014). While Sinha identifies a trio of District of New Jersey cases finding that an allegation that a plan requires reimbursement "based on . . . usual, customary and reasonable rates" adequately stated an ERISA claim, even without specific reference to the plan, *Pro. Orthopedic Assocs., PA v. Excellus Blue Cross Blue Shield*, No. 14-CV-6950 (FLW), 2015 WL

6

4387981, at *13 (D.N.J. July 15, 2015); *see Metro. Surgical Inst., LLC v. Cigna*, No. 19-CV-15827 (MAS) (LHG), 2020 WL 4432430, at *6 (D.N.J. July 31, 2020); *Ctr. for Orthopedics & Sports Med. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 16-CV-8876 (PGS) (DEA), 2018 WL 1440325, at *5 (D.N.J. Mar. 22, 2018), that conclusion is not consistent with the weight of authority in this Circuit.

Sinha cannot resuscitate its ERISA plan claim by alleging that Empire did not adequately cite plan provisions in its denial of benefits. Sinha has not sued to enforce its right to such notice. *See Hughes v. Hartford Life & Accident Ins. Co.*, 507 F. Supp. 3d 384, 402 (D. Conn. 2020) (describing ERISA's claims procedure regulation, 29 C.F.R. § 2560.503-1). Rather, Sinha explains, Sinha cites Section 2560.503-1 only "to argue that [the] failure [to provide notice] deprives Empire of any discretion granted by the plan." Pl.'s Mem. in Opp'n 7 n.1.

Sinha's ERISA claim is therefore dismissed. *See, e.g., Pro. Orthopaedic Assocs., PA*, 697 F. App'x at 41; *Guerrero*, 423 F. App'x at 16-17; *Graffino v. Trustees of NYSA-ILA Pension Tr. Fund & Plan*, No. 14-CV-8577, 2015 WL 4241408, at *2 (S.D.N.Y. July 13, 2015) (dismissing ERISA claim failing to adequately plead entitlement to relief under the terms of the plan).

**B.     ERISA pre-empts the unjust-enrichment and Prompt-Pay-Law claims.**

Sinha's unjust-enrichment and Prompt-Pay-Law claims are pre-empted.

Subject to exceptions not relevant here, ERISA pre-empts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *see id.* § 1144(c)(1) (defining "State law" to include not only statutes but also any "other State action having the effect of law"). A state claim "relate[s] to" an ERISA plan and is therefore pre-empted when it seeks "'to rectify a wrongful denial of benefits under ERISA-regulated plans, and do[es] not attempt to remedy any violation of a legal duty independent of ERISA.'" *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008) (quoting *Davila*, 542 U.S. at 214).

7

To determine whether ERISA's cause of action to recover improperly denied benefits "completely pre-empts" a state-law cause of action, a court employs a two-part test. *Montefiore Med. Ctr.*, 642 F.3d at 328-32. First, it considers whether the plaintiff is the "type of party that can bring a claim" under ERISA, and whether the actual claim plaintiff asserts is "colorable" under Section 502(a)(1)(B). *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 146, 149 (2d Cir. 2017) (applying the first part of *Davila*, as interpreted in the Second Circuit). Second, the court determines whether "there is no other independent legal duty that is implicated by the defendant's actions." *Id*. at 150 (brackets omitted) (quoting *Davila*, 542 U.S. at 210). ERISA pre-empts a claim only when both of these requirements are met. *Montefiore Med. Ctr.*, 642 F.3d at 328.

Applying these principles, ERISA pre-empts two of Sinha's four state-law claims. Sinha asserts claims for breach of contract, Am. Compl. ¶¶ 66-75, promissory estoppel, *id*. ¶¶ 76-80, unjust enrichment, *id*. ¶¶ 81-84, and a violation of New York's Prompt Pay Law, *id*. ¶¶ 85-92. Because the breach-of-contract and promissory-estoppel claims seek to remedy a "violation of a legal duty independent of ERISA," they are not pre-empted. *Davila*, 542 U.S. at 214. But the unjust-enrichment and Prompt-Pay-Law claims are pre-empted.

### 1. Sinha is "the type of party" that can bring an ERISA claim.

At the outset, Sinha contests whether it is the "type of party" that can bring an ERISA claim, *Montefiore Med. Ctr*. 272, 642 F.3d at 329, arguing that the plan might contain an anti-assignment provision invalidating Mr. Baez's assignment to Sinha, Am. Compl. ¶ 67; Pl.'s Mem. in Supp. of Remand 3-4, 7. While a valid assignee may bring an ERISA claim, a would-be assignee may not, when an anti-assignment provision has invalidated the assignment. *McCulloch Orthopaedic Surgical Servs., PLLC*, 857 F.3d at 146-47. This argument is of no moment, though, because the plan does not contain any anti-assignment provision. *See* Plan; *Neurological Surgery,*

8

*P.C. v. Aetna Health Inc.*, 511 F. Supp. 3d 267, 278 (E.D.N.Y. 2021) ("Courts routinely consider the health plans on motions to dismiss in similar cases."). Thus, since Sinha has alleged that it received an assignment, Am. Compl. ¶¶ 48-49; *see id*. Exs. B, G, and no clause pre-empts it; *see* Plan, Sinha is the "type of party" who can bring an ERISA claim. Pre-emption therefore turns on the other *Davila* factors.

### 2. Allegations of "other, independent legal duties " prevent pre-emption of plaintiff's breach-of-contract and promissory-estoppel claims.

Allegations of the existence of "other independent legal dut[ies]" preclude pre-emption of Sinha's breach-of-contract and promissory-estoppel claims. *Davila*, 542 U.S. at 210. Sinha's breach-of-contract claim relies on allegations that Empire entered into a "separate contract" with Sinha where it committed to pay for the surgeries. Am. Compl. ¶ 70. ERISA does not pre-empt a breach-of-contract claim that does not "seek to enforce the patient's right to reimbursement" but rather attempts to vindicate a provider's "right pursuant to an independent obligation." *McCulloch Orthopaedic Surgical Servs., PLLC*, 857 F.3d at 151. Since a separate contract constitutes an "independent obligation," *ibid*, this claim is not pre-empted. *See Montefiore Med. Ctr.*, 642 F.3d at 328 (explaining that all parts of the *Davila* test must be satisfied to pre-empt a claim). The same is true of the promissory-estoppel claim. An independent promise to pay that "is not governed by the plan's terms or inextricably intertwined with an interpretation of the plan's coverage and benefits" gives rise to an independent legal duty. *McCulloch Orthopaedic Surgical Servs., PLLC*, 857 F.3d at 151 (quotations omitted). This duty, in turn, may be vindicated through a claim for promissory estoppel. *Ibid*. Since Sinha's promissory-estoppel claim rests on allegations that Empire made a promise to pay independent of the plan, Am. Compl. ¶ 77, this claim is not pre-empted either.

9

### 3. ERISA does pre-empt the unjust-enrichment claim.

The same is not true of the unjust-enrichment claim. To state a claim for unjust enrichment under New York law, a plaintiff must show that "(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the defendant] to retain what is sought to be recovered." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (N.Y. 2011) (quotations omitted). Sinha alleges that Empire has been unjustly enriched because Sinha provided medical treatment "upon the reliance that Empire would pay" for the medical services rendered. *Id*. ¶ 82. But Empire would have been enriched by Sinha's treating Mr. Baez only if Empire had a duty to Mr. Baez to pay for the medical treatments here. Any such duty arises from Mr. Baez's ERISA plan. *See id*. ¶ 5 (identifying Mr. Baez's plan). Thus, the unjust-enrichment claim necessarily "relate[s] to" the ERISA plan, 29 U.S.C. § 1144(a), and is a "colorable" ERISA claim. *McCulloch Orthopaedic Surgical Servs., PLLC.*, 857 F.3d at 146. Moreover, the unjust-enrichment claim implicates "no other independent legal duty." *Davila*, 542 U.S. at 210. Since Sinha's right to payment on an unjust-enrichment theory "derives entirely from the particular rights and obligations established by the benefit plans," *Davila*, 542 U.S. at 213, this claim is pre-empted.

### 4. ERISA also pre-empts plaintiff's Prompt-Pay-Law claim.

Finally, ERISA pre-empts plaintiff's Prompt-Pay-Law claim. Under New York's Prompt Pay Law, an insurance provider must pay promptly unless its obligation "is not reasonably clear due to a good faith dispute regarding the eligibility of a person for coverage, . . . the amount of the claim, [or] the benefits covered under a contract or agreement." N.Y. Ins. Law § 3224-a(b). Sinha grounds this claim in the "duty of care under the policy of insurance" Empire owed to "its insured," James Baez. Am. Compl. ¶ 89. In other words, Sinha roots its Prompt-Pay-Law claim in the ERISA plan. Because "this cause of action grounds itself in the rights and obligations expressed in—and therefore 'refers to'—an ERISA plan," courts in this circuit have routinely concluded that

10

such claims are pre-empted by ERISA. *Neurological Surgery, P.C.*, 511 F. Supp. 3d at 290 (collecting cases); *Wimberly v. Experian Info. Sols.*, No. 18-CV-6058 (MKV), 2021 WL 326972, at *3 (S.D.N.Y. Feb. 1, 2021) (a document incorporated by reference into the complaint controls as to its contents). Therefore, this claim must also be dismissed.

### C. Sinha's breach-of-contract and promissory-estoppel claims fail on independent grounds.

While ERISA does not pre-empt Sinha's breach-of-contract and promissory-estoppel claims, these claims are nevertheless dismissed as inadequately pleaded.

#### 1. Sinha does not adequately plead that an enforceable contract existed.

Sinha's breach-of-contract claim fails. To state a claim for breach of contract, the plaintiff must allege "the existence of a contract." *Moreno-Godoy v. Kartagener*, 7 F.4th 78, 85 (2d Cir. 2021) ("To prevail on a breach-of-contract claim in New York, a plaintiff must prove: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) nonperformance by the other party, and (4) damages attributable to the breach." (quotations omitted)). Sinha contends that the conversation with Empire created "an implied contract based on oral offer and acceptance." Pl.'s Mem. in Opp'n 13. However, under New York law "[a] contract cannot be implied in fact where there is an express contract covering the subject matter involved." *Julien J. Studley, Inc. v. N.Y. News, Inc.*, 70 N.Y.2d 628, 629 (N.Y. 1987). Since Sinha was a valid assignee, *see* pages 8-9, *supra*, it was bound by the written plan between Empire and Mr. Baez. This plan, which defined both coverage and reimbursement, Am. Compl. ¶¶ 42-43; Plan Table of Contents, therefore precluded the formation of an implied contract concerning the same subject matter. The absence of a contract, in turn, dooms plaintiff's breach-of-contract claim.

Moreover, even if the existence of the plan did not preclude formation of an implied contract, Sinha has not adequately alleged that a valid contract was formed. Contract formation

11

requires a "meeting of the minds" showing "mutual assent" to "all material terms." *Stonehill Cap. Mgmt., LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (N.Y. 2016) (quotations and citations omitted). Even when the contract is implied, mutual assent is necessary. *Maas v. Cornell Univ.*, 94 N.Y.2d 87, 93-94 (N.Y. 1999). To establish mutual assent, a plaintiff must plausibly allege words or conduct by the parties sufficiently clear to permit an "infer[ence] that the promise would have been explicitly made, had attention been drawn to it." *Id*. at 94.

Allegations showing such a "meeting of the minds" are lacking. *Express Indus. & Terminal Corp. v. N.Y. State Dep't of Transp.*, 93 N.Y.2d 584, 589 (N.Y. 1999) (dismissing claim where parties did not set price terms). Sinha alleges only that Empire stated that pre-certification, authorization, and pre-determination were not prerequisites to filing a claim and indicated where claims might be filed, Am. Compl, ¶ 23, not that it stated that it would pay the full "usual and customary fee" for any surgery plaintiff performed, *id*. ¶ 71, or even that it would pay submitted claims at all, *cf. McCulloch Orthopaedic Surgical Servs., PLLC*, 857 F.3d at 144 (sufficiently pleading claims where the complaint alleged the insurer orally represented that it would reimburse "seventy percent of the usual, customary, and reasonable rate"). These representations appear to be nothing more than a discussion of the ERISA plan's claim procedures between the insurer, Empire, to the plan's valid assignee, Sinha. *See* pages 8-9, *supra* (explaining that Sinha was a valid assignee). Even if Sinha believed that its inquiries would give rise to a separate contract, the amended complaint does not explain why Empire "knew or should have known" that such responses, given to a valid plan assignee, would constitute not only assent to pay Sinha's claims, but a commitment to pay these claims at a certain rate. *Surgicore of Jersey City v. Empire HealthChoice Assurance, Inc.*, No. 19-CV-3485 (EK) (RML), 2021 WL 1092029, at *5 (E.D.N.Y. Mar. 22, 2021).

For both these reasons, Sinha's breach-of-contract claim fails.

### 2. Nor does Sinha adequately allege promissory estoppel.

Sinha's promissory-estoppel claim fails for similar reasons. To plead promissory estoppel, the plaintiff must allege that the defendant made a "clear and unambiguous promise, upon which the plaintiff reasonably relied, to its detriment." *NRP Holdings LLC v. City of Buffalo*, 916 F.3d 177, 202 (2d Cir. 2019) (brackets and quotations omitted). Such allegations are lacking from the amended complaint. While Empire's statement that pre-authorization was not required might be construed as a promise to consider claims without pre-authorization, nowhere does Sinha allege that Empire made a "clear and unambiguous promise" to pay all claims that Sinha submitted, or to pay what Sinha asked. Accordingly, this claim is dismissed. *Wilson v. Dantas*, 746 F.3d 530, 538 (2d Cir. 2014) (affirming dismissal of promissory estoppel claim for lack of clear, unambiguous promise).

## CONCLUSION

Remand is denied, and the motion to dismiss is granted. The ERISA, breach-of-contract, and promissory-estoppel claims are dismissed without prejudice. Since ERISA pre-empts the unjust-enrichment and Prompt-Pay-Law claims and Sinha has identified no alternative theory to sustain them, "repleading would . . . be futile" as to these claims. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Therefore, these two claims are dismissed with prejudice.

If Sinha wishes to amend its pleadings, it shall file a motion within 30 days seeking leave to amend with the proposed Second Amended Complaint attached as an exhibit. The motion

should explain how the Second Amended Complaint addresses the pleading defects identified in this opinion. Otherwise, judgment shall be entered.

SO ORDERED.

                                                            /s/ Rachel Kovner
                                                            RACHEL P. KOVNER
                                                            United States District Judge

Dated:        March 31, 2022
                Brooklyn, New York